# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**ADAM L. LEE**                                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:25-CV-P13-JHM**

**MAYFIELD POLICE DEPARTMENT** *et al*.                                              **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Adam L. Lee is incarcerated at Putnamville Correctional Facility, an Indiana state prison. He brings this action against the Mayfield Police Department (MPD) and MPD Officers Brandon Collins, Brent Farmer, and Lt. Watkins. Plaintiff does not indicate in what capacity he sues Defendants Collins, Farmer, and Watkins, but for purposes of this initial review only, the Court will assume that Plaintiff intended to sue them in both their official and individual capacities.

Plaintiff first alleges that he was "threatened" by Defendants Watkins and Farmer on December 1, 2021. Plaintiff then alleges that Defendant Collins committed perjury against him in a Kentucky state-court criminal action. Plaintiff seems to further claim that his due process rights are being violated in his Kentucky state-court criminal action. Plaintiff states that he has filed an "IAD"[1] agreement in the state-court criminal action and that because of "there actions this is

---

[1] IAD stands for the Interstate Agreement on Detainers, which is also known as the Interstate Agreement on Detainers Act (IADA). "Broadly speaking, the IADA aims to foster greater cooperation between states and the speedier resolution of detainers by establishing standards for bringing to trial individuals removed from the custody of one state by a detainer." *United States v. Elsea*, No. No. 22-5729, 2024 U.S. App. LEXIS 5716, at *25 (6th Cir. Mar. 7, 2024) (citing *United States v. Faught*, No. 21-6123, 2022 U.S. App. LEXIS 20078 (6th Cir. July 19, 2022).

causing trouble with my programs and rehabilitation also to include time cuts program and good-time credits because they have failed to comply to the Due Process of Law."

As relief, Plaintiff states that he seeks to bring criminal charges against Defendant Collins, be appointed a civil-rights attorney in his Kentucky state-court criminal action, and to have that action dismissed.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. The City of Mayfield**

As a police department, the MPD is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a police department is not an entity subject to suit under § 1983). In this situation, the City of Mayfield is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, Plaintiff's official-capacity claim against Defendants Collins, Watkins, and Farmer are also actually against the City of Mayfield. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official capacity suits . . . 'generally represent [] another way of pleading an action against an

entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality such as the City of Mayfield, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the government entity and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that his constitutional rights were violated due to a policy or custom of the City of Mayfield. Thus, Plaintiff's claims against the MPD and his official-capacity claims against the other Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendants Watkins and Farmer

Plaintiff alleges that Defendants Watkins and Farmer threatened him. The Court finds that this allegation lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, the

Court will also dismiss Plaintiff's claims against these Defendants for failure to state a claim upon which relief may be granted.

### 2. Defendant Collins

Although it is not entirely clear, Plaintiff seems to allege that Defendant Collins perjured himself while giving testimony in Plaintiff's state-court criminal action – he states that Defendant Collins committed perjury "on the stand." This claim fails because the Supreme Court has held that a police officer who gives false testimony at trial cannot be held liable for a § 1983 violation. *Briscoe v. Lahue*, 460 U.S. 325, 343 (1983). In *Briscoe*, the Supreme Court stated as follows:

> Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties. Section 1983 lawsuits against police officer witnesses, like lawsuits against prosecutors, "could be expected with some frequency." Police officers testify in scores of cases every year and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses.

*Id.*; *see also Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) ("'[A]ll witnesses -- police officers as well as lay witness -- are absolutely immune from civil liability based on their trial testimony in judicial proceedings.'" *Briscoe*, 460 U.S. at 328. "A witness is entitled to testimonial immunity 'no matter how egregious or perjurious that testimony was alleged to have been. . . .'") (citation omitted).

Based upon this jurisprudence, the Court will dismiss any damages claim against Defendant Collins for seeking monetary relief from a defendant who is immune from such relief.

Moreover, Plaintiff cannot initiate criminal charges against Defendant Collins. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v.*

*Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

### C. *Younger* Abstention

Finally, as to Plaintiff's request for the appointment of counsel and the dismissal of the charges against him, a federal district court generally cannot interfere in an ongoing state-court criminal action. *See Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If these prongs are satisfied, a court should abstain from interfering in the state court action unless (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611(1975); (2) "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424, (1979) (quoting *Huffman*, , 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Gorenc v. City of Westland*, 72 F. App'x 336, 338-39 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)).

The Commonwealth of Kentucky clearly has an important interest in adjudicating Plaintiff's criminal action. Moreover, Plaintiff has not articulated any reason to believe that the

Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is ultimately convicted in the trial court, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In addition, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. *See Am. Family Prepaid Legal Corp.*, 498 F.3d at 334.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: March 6, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011